# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| FRAN COLSON PRICE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:11-CV-222 (MTT) |
| STATE BANK AND TRUST COMPANY, F/K/A SECURITY BANK OF JONES COUNTY, THAD G. CHILDS, JR., AND V.J. ADAMS, JR., | ) ) ) ) ) ) |
| Defendants. | ) ) |

## ORDER

This matter is before the Court on the Plaintiff's Petition for Preliminary Injunction (Doc. 5) (the "Petition"). At a hearing on the matter on June 6, 2011, the Court informed the parties that it was going to treat the Petition as a request for a temporary restraining order ("TRO") and there were no objections. The Court, having considered the arguments raised and the evidence presented at the hearing, denies the Petition for the following reasons.

In this RICO action, the Plaintiff alleges that employees of Security Bank of Jones County, now known as State Bank and Trust Company, fraudulently obtained her signature on documents that created a $400,000 indebtedness on her then debt-free home in Baldwin County. These loan proceeds, the Plaintiff alleges, were then used by the Bank to allow one Shirley McKenna to purchase a farm in Washington County. At the same time, these Bank employees fraudulently obtained her signature on a guaranty for a loan used to purchase the Washington County farm. The loans on both

properties were one year notes and the Plaintiff claims that when those notes matured, Bank employees forged her name on renewal notes and somehow were even able to manufacture checks on her checking account that were used to pay the interest due upon renewal of the notes. The Plaintiff claims that she was unaware of all this until her new attorney's discovery of this fraud just a few days before the hearing.

The Bank has already foreclosed on the Washington County farm and is now in the process of confirming that foreclosure. The Bank's first effort to foreclose on the Plaintiff's Baldwin County property was thwarted when the Plaintiff filed bankruptcy. That bankruptcy was dismissed on April 27, 2011 because of the Plaintiff's failure to file required information. Accordingly, the Bank again commenced foreclosure proceedings and foreclosure is scheduled for June 7, 2011.

In determining whether or not to grant a TRO, the Court must consider whether the movant has established: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Shiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). However, "[c]ontrolling precedent is clear that injunctive relief may not be granted unless the [movant] establishes the substantial likelihood of success criterion." *Id.* at 1226.

Although the facts are complex, the Plaintiff's theory, as alleged in her complaint, essentially is that she was completely unaware that the Bank had secured an interest in her Baldwin County property and had obtained her signature on a guaranty for the loan used to purchase the Washington County farm. She did not learn of the fraud until

barely a week before the hearing. Whatever may have happened in the Plaintiff's dealings with the Bank, and those dealings raise some questions, it is clear that the Plaintiff has not established that she was unaware that her property had been encumbered in connection with the purchase of the Washington County farm. For example, a Bank employee played in Court a voice mail message left by the Plaintiff in January, 2011 in which she discussed the loan and her desire to pay the loan off.

Moreover, the Plaintiff was far from a stranger to the Washington County farm. The Plaintiff admitted that she negotiated for the purchase of the Washington County farm as part of a section 1031 tax free exchange. The primary purpose for purchasing the farm was to provide a home for her ill son. For reasons unclear, the Plaintiff planned that the Washington County farm would be purchased by McKenna, the wife of a former employee of the Plaintiff. As it turned out, and although the Plaintiff denies any knowledge of this, McKenna did purchase the property, using the proceeds of the loan secured by the Plaintiff's Baldwin County property, and the Plaintiff's son lived on and farmed the property until his death on March 6, 2010. In other words, the transaction unfolded much as the Plaintiff planned, although the section 1031 exchange was not completed.

While it may well be that the Plaintiff was somehow defrauded, it is clear that the Plaintiff was not defrauded in the manner she alleged in her complaint. Accordingly, she has not carried her burden to establish that she is entitled to injunctive relief.

For the foregoing reasons the Petition (Doc. 5) is **DENIED**.

**SO ORDERED**, this the 8th day of June, 2010.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT